IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BYRON L. CONWAY,
ADC #113285                                                                                    PLAINTIFF

v.                                           2:10CV00010JTK

CORRECTIONAL MEDICAL
SERVICES, INC., et al.                                                                      DEFENDANTS

ORDER

This matter is before the Court on several motions filed by the Plaintiff.

1) Motion for default (Doc. No. 72) - Although this was docketed as a motion for declaratory judgment, Plaintiff entitled this motion as one for default, with respect to Defendant Douglas. Plaintiff filed the motion on July 7, 2010, stating Defendant Douglas was served on June 22, 2010, and had not yet filed an answer. However, on July 16, 2010, this Court granted Defendant Douglas' Motion for leave to file her answer out of time (Doc. No. 79). Therefore, Plaintiff's current motion is denied as moot.

2) Plaintiff's motions to compel and for sanctions (Doc. Nos. 82, 100) - These motions are directed toward Defendants CMS and the other individual medical defendants. Plaintiff states he has filed several discovery requests from the medical defendants, and has not received adequate responses. Plaintiff asks for sanctions as a result of their failure to appropriately respond. In their response (Doc. No. 107), Defendants note Plaintiff has filed numerous discovery requests, and Defendants have responded to many of them. However, Defendants state Plaintiff has exceeded the twenty-five interrogatories-per-party limit set forth in Fed.R.Civ.P. 33, and therefore, their only responses beyond those limits indicate their continued objection to plaintiff's numerous requests. Plaintiff filed a reply (Doc. No. 108), stating Defendants have not responded appropriately to his discovery requests, and again asks

1

for sanctions.

According to the response filed by the Defendants and the Exhibits attached in support, Plaintiff propounded eleven interrogatories to Defendants CMS, Yarbrough, Maples and King on April 15, 2010, and Defendants mailed their responses on May 10, 2010.  Plaintiff propounded twenty-three interrogatories to Defendant Maples on June 3, 2010, and she responded on July 20, 2010.  Defendant propounded twenty-six interrogatories to Defendants CMS, Yarbrough, and King on June 4, 2010, and they responded on July 20, 2010.  Plaintiff propounded twenty-five interrogatories to Defendant Granger on June 22, 2010, and she responded on August 18, 2010.  Plaintiff propounded twenty-six interrogatories to Defendants CMS and Yarbrough and they responded on August 18, 2010.  Plaintiff propounded twenty-six interrogatories to Defendant Douglas on July 29, 2010, and she has not yet responded.

Having reviewed the Defendants' responses to the interrogatories propounded by the Plaintiff, the Court finds that they each appropriately responded to the first twenty-five interrogatories submitted to them, and objected as to any submitted beyond that limit.  Plaintiff does not explain why he has exceeded that limit, nor has he ever sought leave of Court to exceed the limit.  In addition, Plaintiff does not object to any specific response submitted by the Defendants, and does not indicate why any specific response is necessary to the litigation of this action.  Plaintiff also has not complied with Fed.R.Civ.P. 37, which requires that a party who moves for an order compelling discovery must provide notice to the other parties and must include a certification that he has in good faith conferred or attempted to confer with the person or party failing to make disclosure.   Therefore,  the Court finds no support for Plaintiff's motions to compel and for sanctions, and will deny them.

3) Motion for default judgment (Doc. No. 110) - Plaintiff moves for a default judgment against Defendant Zonnie Jones.  However, this Defendant has not yet been served.  Although

the latest summons for this Defendant was issued on July 16, 2010, it has not yet been returned, executed. Therefore, Plaintiff's motion will be denied.

4) Motion for counsel (Doc. No. 109) - In this motion, Plaintiff addresses the Court in a disrespectful manner and suggests he will cause problems at his Unit as a result of the Court's rulings on prior motions. Plaintiff does not indicate how is he unable to adequately represent himself in these matters without counsel. While a pro se litigant has no statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), the Court may, in its discretion, appoint counsel for non-frivolous claims where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986). In evaluating Plaintiff's request, the Court considered four factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. Id. at 1322-23.

Having considered the above factors, the Court finds that Plaintiff's Motion should be denied. His claims are not legally or factually complex, and the record demonstrates Plaintiff is capable of proceeding without the benefit of appointed counsel. Thus, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motions for declaratory relief (default judgment), to compel, for sanctions, for default, and for counsel (Doc. Nos. 72, 82, 100, 109, 110) are hereby DENIED.

IT IS SO ORDERED this 27th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE