**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

BYRON CONWAY,                                                            PLAINTIFF
ADC #113285

v.                                     2:10-cv-00010-JTK

CORRECTIONAL MEDICAL
SERVICES, et al.                                                    DEFENDANTS

## **ORDER**

This matter is before the Court on Plaintiff's Motion for Sanctions (Doc. No. 142). Defendants filed a Response to the Motion (Doc. No. 144). Following a Pre-Jury Evidentiary Hearing on August 11, 2011, the Court directed the parties to file additional briefs supporting their respective positions (Doc. No. 149).[1] The parties have now filed their briefs (Doc. Nos. 151, 152).

Plaintiff is a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against Defendants, alleging deliberate indifference to his serious medical needs. In the present Motion, Plaintiff complains that at his May 20, 2011 deposition, counsel for the medical Defendants questioned him about a colonoscopy test he underwent on October 14, 2010. Plaintiff claims that Defendants obtained this report illegally without his authorization and consent, and in violation of the Health Insurance Portability and Accountability Act (HIPAA).

In his Motion and subsequent briefs, Plaintiff states that the October 2010 colonoscopy is not relevant to this case and that he never signed a medical release form permitting Defendants to obtain the results of that test. Although Defendant Correctional Medical Services (CMS) is the

---

[1] In the Order, the Court mistakenly described Plaintiff's Motion as one to Compel, rather than for Sanctions.

contracted medical care provider for the ADC, Plaintiff claims he is in the custody of the ADC and that his medical records are the legal property of the ADC, and not CMS.

In their Responses, Defendants first state that Plaintiff failed to comply with FED.R.CIV.P. 11(c)(2), which requires a party to serve a motion for sanctions on the opposing counsel twenty-one days prior to filing it with the Court, in an effort to resolve such disputes. Defendants state Plaintiff filed the present Motion without first serving the Motion on their counsel. In addition, according to an Affidavit of Toni Spears, the regional medical records director for Corizon, Inc. (formerly known as CMS), while inmates' medical records are the property of the ADC, Corizon is a custodian of those records. (Doc. No. 152-3.) As such, Corizon is responsible for creating and maintaining those records in the normal course of business. (Id.) The colonoscopy report was requested by Plaintiff's treating Physician, Dr. Melvin Nance, who is an independent contractor of Corizon, and the report was created by Dr. Ruloff Turner, another independent contractor of Corizon. (Doc. No. 152-2.) Dr. Nance is the unit physician at the Grimes Unit and Dr. Turner conducted an endosurgery clinic at the Diagnostic Unit. (Id.)

Defendants further state that although Plaintiff objected to granting a release of his medical records to Defendants, he is aware that Corizon maintains a copy of his medical files, as evidenced by a discovery response, "CMS and ADC already has possession of the medical files pertaining to this case." (Doc. No. 152-4, p. 2.) In addition, in three other pending cases, Plaintiff signed medical authorization forms granting Corizon and its counsel access to Plaintiff's entire medical records. (Doc. Nos. 152-5, 152-6.)

Finally, Defendants cite authority which provides that the HIPAA statute does not provide individuals with a private cause of action; therefore, Plaintiff has no standing to request a sanction

based on an alleged violation of the Act. See Frazier v. Arkansas Department of Correction, No. 5:07-cv-00184-BSM, 2009 WL 856990, p. 9 (E.D.AR 2009).

In Frazier, the Court agreed with the conclusion of a Fifth Circuit case that "Congress did not intend for private enforcement of HIPAA." Id., quoting Acara v. Banks, 470 F.3d 569, 571-2 (5th Cir. 2006). In light of such, Plaintiff does not have standing in which to assert a legal claim or motion based on an alleged statutory violation by Defendants. In addition, the Court rejects Plaintiff's attempt to withhold medical records from a party to a lawsuit in which he is claiming inadequate medical care and treatment. Plaintiff's medical claims are based on Defendants' failure to adequately treat him for rectal bleeding; the results of a colonoscopy procedure most certainly are relevant to Plaintiff's claims for damages against Defendants.[2]

The Court also agrees that Plaintiff failed to abide by the Federal Rules prior to filing the present Motion, and cautions Plaintiff to carefully review the Rules prior to filing subsequent motions against Defendants. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Sanctions (Doc. No. 142) is DENIED.

IT IS SO ORDERED this 14th day of September, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff also admits in his Response that when he objected to signing a medical release form in one of his other pending cases, a telephone call by the defendants' attorney to the presiding Magistrate Judge convinced him otherwise. (Doc. No. 151, pp. 3-4.)