**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

BYRON L. CONWAY,
ADC #113285                                                                      PLAINTIFF

2:10-cv-00010-JTK

CORRECTIONAL MEDICAL
SERVICES, et al.                                                              DEFENDANTS

**MEMORANDUM AND ORDER**

## I.      Introduction

This matter is before the Court on the Defendants' Motion for Summary Judgment
(Doc. No. 155).   Plaintiff filed a Response in opposition to the Motion (Doc. No. 161), and
Defendants filed a Reply (Doc. No. 162).

Plaintiff is a state inmate incarcerated at the Grimes Unit of the Arkansas Department
of Correction (ADC).  He filed this action against Defendants pursuant to 42 U.S.C. § 1983,
alleging inadequate medical care and treatment from April 20, 2009 until July 31, 2009,
while incarcerated at the East Arkansas Regional Unit (EARU) of the ADC.  Following a
Pre-Jury Evidentiary Hearing, the Court dismissed Plaintiff's claims against Defendants
King, Jones-Granger, Maples, Douglas, and Yarbrough.   The remaining claims against
Defendants Correctional Medical Services (CMS) (now known as Corizon, Inc), Jones-
Burnell, and Granger are that they failed to provide Plaintiff with an initial medical screening
upon his arrival at the EARU, they failed to provide him with his medications for eight days,
and they failed to arrange for timely medical treatment for bloody stools.  Plaintiff asks for

1

monetary relief from Defendants.

## II.      Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.      Defendants' Motion

#### 1.      Failure to Exhaust

In support of their Motion, Defendants state Plaintiff's Complaint against them should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  Defendants cite to case law requiring complete exhaustion of all administrative remedies prior to filing suit, together with completion of the prison's grievance process requirements – Booth v. Churner, 532 U.S. 731,

739 (2001), and <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007).  Defendants also attach a copy of the ADC grievance procedure, AD 09-01, which outlines procedures for inmates to follow in filing and appealing grievances (Doc. No. 158-1), together with an affidavit of Sherri Williams, a medical grievance investigator, who states that Plaintiff filed four grievances concerning the issues raised in his Complaint (Doc. No. 158-2).

Specifically, Defendants state Plaintiff failed to exhaust his remedies with respect to his missed medication claim, because he did not appeal his grievance to the Deputy Director for Health and Correctional Programs, the final stage of the grievance process.  In addition, Defendants state that Plaintiff did not file a grievance specifically naming Defendants Jones-Burnell or Granger in step one of the grievance process, as required by AD 09-01.  Finally, although Plaintiff filed a grievance naming Defendant CMS and complaining about rectal bleeding, Defendants state the rectal bleeding claim against Defendant CMS is not part of Plaintiff's lawsuit.  (See Plaintiff's deposition, Doc. No. 158-4, p. 32, where he states that his only claim against Defendant CMS concerns the lack of screening on April 20, 2009, when he transferred to the EARU Unit.)

## 2.    Deliberate Indifference

Notwithstanding their lack of exhaustion defense, Defendants also state Plaintiff has no evidence to support a finding of deliberate indifference by them.  Defendants provide an affidavit of Dr. Roland Anderson, regional medical director for Corizon, Inc. (formerly known as CMS), who states that both Plaintiff's missed medication and rectal bleeding claims did not constitute a serious medical need.  (Doc. No. 158-6.)  Dr. Anderson stated

3

Plaintiff was prescribed Naproxen and Zantac, and missed his Naproxen for six days because of a need to ward off possible side effects of the medication, such as heartburn, stomach pain, and ulcers and blood in the stool. Id. In addition, although Plaintiff missed his Zantac medication for six to seven days, Dr. Anderson concluded that heartburn is not a serious medical condition. Id. Finally, although Plaintiff waited for twenty days following his initial complaint to be seen by a doctor for rectal bleeding, the advanced practice nurse who examined Plaintiff noted that Plaintiff experienced hard stools with a minimal amount of blood for three days, and prescribed Plaintiff Docuset and a metafiber powder. (Doc. No. 158-5, p. 6.)

Although Plaintiff alleges he notified both Defendants Jones-Burnell and Granger about his missed medications, Defendants state Plaintiff can not show that they acted maliciously and sadistically, or with deliberate indifference to his serious medical needs, citing Moody v. Proctor, 986 F.2d 239, 241-42 (8th Cir. 1993). Similarly, Defendants state that Plaintiff's claim that Defendant Jones-Burnell lost or misplaced his May 1, 2009 health services request form in which he complained about rectal bleeding, does not evidence intentional maltreatment or grossly inappropriate care, as set forth in Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997). Finally, Defendant CMS states that Plaintiff's allegations against it are based on its supervisory capacity only, which can not form the basis of § 1983 liability, citing Monell v. Department of Social Services, 436 U.S. 658 (1978).

### B.    Plaintiff's Response

#### 1.    Exhaustion

4

Plaintiff states he did not intend to sue Defendants based on his missed medications, and admits that he did not completely exhaust his administrative remedies as to that claim. However, Plaintiff also asks that his failure to exhaust be excused because of his physical and mental ailments, and also because he did not need to appeal to the highest level because the grievance was found to be with merit.

## 2. Deliberate Indifference

Plaintiff states he informed Defendant Jones-Burnell of his need for Zantac and Naproxen on April 21, 2009, and that although Defendant recorded his information and request, she did not return with the medications.  He states a similar request to Granger on April 23, 2009, was treated in the same manner.  He claims that both Defendants possessed actual knowledge of his medications, which were for serious medical needs, and that their decisions not to return with the medications constituted deliberate indifference to his serious medical needs for eight days.   In addition, Plaintiff states Defendant Jones-Burnell had actual knowledge of the serious medical need involved with his rectal bleeding but failed to timely act by arranging him to be seen within seventy-two hours of his initial request. Finally, with respect to Defendant CMS, Plaintiff states his physical problems associated with the missed medications and delayed medical care were caused by the absence of a policy which tracks inmate transfers and ensures mandatory screenings within twenty-four hours of such transfers.

## C. Defendants' Reply

### 1. Exhaustion

Because Plaintiff admits he did not exhaust his missed medications claim, Defendants state this claim should be dismissed, despite the fact that Plaintiff also claims his mental faculties were impaired at the time.  Defendants note that Plaintiff adequately utilized the grievance process with respect to other claims, thereby proving he was mentally capable of following the grievance process requirements.  Case law provides that inmates are excused from complying with a grievance process only when officials prevent the inmates from utilizing the procedures or when the officials themselves fail to comply with the procedures. Gibson v. Webber, 431 F.3d 339, 341 (8th Cir. 2004), and Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000).

### 2.      Deliberate Indifference

Defendants again note that Plaintiff admitted receiving his Zantac medication about six days after he informed them of his need for the medication.  In addition, Defendants state Plaintiff fails to identify a policy or custom of Defendant CMS which led to constitutional violations; therefore, Plaintiff can not assert his claim against CMS based on supervisory liability, citing Bolin v. Black, 875 F.2d 1343, 1347 (8th Cir. 1989).

### D.      Analysis

### 1.      Exhaustion

The PLRA provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In <u>Booth</u>, 532 U.S. at 741, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" <u>Chelette</u>, 229 F.3d at 688 (<u>quoting from</u> <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir 2000).  Furthermore, "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in <u>Jones</u>, 549 U.S. at 218, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

The Court finds that Plaintiff failed to exhaust his administrative remedies with respect to the failure to timely screen claim against Defendant CMS, and the missed medication claim against Defendants Granger and Jones-Burnell.  There is no evidence that Plaintiff filed any grievance about the lack of initial screening.  In addition, Plaintiff admits that he did not appeal his missed medications grievance to the highest level of the ADC grievance process, as is required for complete exhaustion.  (See Doc. No. 158-3, pp. 4-5.)

7

The ADC grievance procedure specifically provides that inmates "must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit..." (AD 09-01.IV.N, Doc. No. 158-1, p. 18.)

However, the Court finds that Plaintiff did exhaust his administrative remedies with respect to the rectal bleeding claim against Defendant Jones-Burnell. In Grievance EA 09-787, Plaintiff states that he handed his sick call request to Ms. Jones. (Doc. No. 158-3, p. 3.) This grievance subsequently was appealed to the highest level of the grievance process (Id. at p. 1.) Therefore, his present claim that Defendant Jones-Burnell acted with deliberate indifference by misplacing his sick call request and by failing to timely schedule a medical appointment, was properly exhausted.

## 2.    Deliberate Indifference

Plaintiff provides no proof, however, that Defendant Jones-Burnell acted with deliberate indifference to his serious medical needs by mis-placing his May 1, 2009 sick call request. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff provides no proof that Defendant Jones-Burnell knew that the sick call was misplaced, yet deliberately disregarded that knowledge. It is clear that even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, ..." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the

detrimental effect of the delay, in order to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment."  Dulany, supra, 132 F.3d at 1240.

In this case, Plaintiff admits being treated on May 20, 2009, and Defendants provide a copy of the Condensed Health Services Encounter form documenting Plaintiff's treatment and the prescriptions provided to him.  (Doc. No. 158-5, pp 6-7.)  In addition, Defendants provide the affidavit of Dr. Roland Anderson who states that Plaintiff's constipation issue, which contributed to his rectal bleeding, was not a serious medical need.  (Doc. No. 158-6.)  Finally, Plaintiff offers no evidence or statements concerning how the delay in his medical treatment caused a detrimental effect to his health, as set forth in Beyerbach, supra.

## III.    Conclusion

IT IS, THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 155) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants CMS and Granger are DISMISSED without prejudice, and his claims against Defendant Jones-Burnell are DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 26th day of October, 2011.

9

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE